FILED
U. S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

JUL 17 2020



BY
DEPUTY________

BUREAU OF PRISONS
plaintiff,
vs
JOSHUA BROUSSARD
defendant,

1:20 CV 299
Cause NO. [redacted]

# MOTION FOR HOME CONFINEMENT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES the defendant Joshua Broussard in the above action and respecfully move this Court to grant Mr. Broussard home confinement pursuant to: The First Step Act of 2018 - Home Confinement authority, U.S.S.G § 5C1.1 (f), and U.S.S.G. § 5F1.2, and 18 U.S.C. § 3624 (c)(2), CARES Act and S. 3579

See Memorandum of Law attached hereto.

WHEREFORE PREMISES CONSIDERED the defendant respectfully moves this Honorable court to grant him home, confinement, or in the alternative half-way house placement, or in the alternative a hearing to present this matter to this Court.

Respectfully submitted

Date:

Joshua Broussard

| | |
|---|---|
| BUREAU OF PRISONS<br>plaintiff,<br>vs<br>JOSHUA BROUSSARD<br>defendant, | MEMORANDUM OF LAW IN SUPPORT OF MOTION |

## MOTION FOR HOME CONFINEMENT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES the defendant Joshua Broussard and will show this Court as follows:

I.

On or about April 6, 2019 Mr. Broussard was arrested and detained for an outstanding warrant, misdemeanor offenses of evading arrest, failing to identify himself, felony offenses of possessing controlled substances, marijuana, and a firearm.

On or about June 5, 2019, a Federal Grand Jury for the Eastern District of Texas, returned a one-count Indictment that charged Mr. Broussard with Possession of a Firearm by a Prohibited Person, in violation of 18 U.S.C. § 922(g).

On or about May 5, 2020, Mr. Broussard was sentenced to 30 months imprisonment, and 3 years of supervised release.

II.

The First Step Act of 2018 - Home Confinement Authority

The act amends 18 U.S.C. Section 3624 (c)(2) to require BOP, to the extent practicable, to place prisoners with [1] lower risk levels and [2] lower needs on home confinement for the maximum amount of time permitted under this paragraph. Under Section 3624(c)(2) BOP is authorized to place prisoners in prerelease custody on home confinement for 10% of the term of imprisonment or six months, whichever is shorter.

LOWER RISK LEVEL

[1] Mr. Broussard is at low risk in that he is not facing nearly a decade of imprisonment and has no prior violent convictions or violent bad acts and he does not pose as a threat or menace to society.

LOWER NEEDS

[2] Mr. Broussard is a lower needs individual in that he does not require psychiatric care he does not suffer from any mental illness, or any other special needs assistance.

See, U.S.S.G. § 5C1.1(f), note 9

9. Subsection (f) provides that, where the applicable guideline range is in Zone D of the Sentencing Table [3] (i.e., the minimum term of imprisonment specified in the applicable guideline range is 15 months or more), the minimum term must be satisfied by a sentence of imprisonment [4] without the use of any of the imprisonment subsitutes in subsection (e).

[3] Mr. Broussard's applicable guideline range is in Zone D of the Sentencing Table, and he was specifically sentenced to 30 months imprisonment.

Time Line of Events

| | | |
|---|---|---|
| On or about | June 3rd, 2019 | Mr. Broussard was taken into federal custody 2 months after being detained in or by the State of Texas |
| On or about | May 5th, 2020 | Mr. Broussard was sentenced to 30 months, this is about 11 months after being put int federal custody |
| On or about | August 3rd, 2020 | [4] Mr. Broussard will have completed 15 months of imprisonment |
| On or about | July 3rd, 2021 | Mr. Broussards' 30 month imprisonment will have expired not including good time eligibility |

See, U.S.S.G. § 5F1.2 Home Detention

Home detention may be imposed as a condition of probation or supervised release, but only as a substitute for imprisonment[5]

[5] Mr. Broussard's request is that his remainder of imprisonment be home detention as an alternative.

See, TEX. GOV'T CODE § 311.026 (a)

("If a general provision conflicts with a special or local provision, the provisions shall be construed, if possible, so that effect is given to both."); ANTONIN SCALIA & BRYAN GARNER, READING LAW at 183 (2012) [herein after Reading Law].

> The "general versus the specific canon of statutory construction stands for the proposition that [i]f there is a conflict between a general provision and a specific provision, the specific provision prevails...." as a exception to the general provision. Reading Law at 183. "The specific provision does not negate the general one entirely, but only in its application to the situation that the specific provisions cover." Id.; see TEX GOV'T CODE § 311.026("[T]he special or local provision prevails as an exception to the general provision, unless the general provision is the later enactment and the manifest intent is that the general provision prevail.")[6]

[6] In the instant case at hand, The First Step Act of 2018 - Home Confinement authority / 18 U.S.C. § 3624 (c)(2) would be the later enactment and therefore may be applied in this instant case.

## Conclusion

Currently, Mr. Broussard has a job waiting for him upon his release (for the City of Houston TX) working as a mechanic at about a wage of $15.00 hourly. Full time employeement would serve the ends of justice and keep any potential unlawful lifestyle relapse from occuring and would best serve the general public and society in his contribution to it, gainfully employeed. In furtherance, his fiance Hannah Bui and mother of his child will also assist and take responsibility to keep Mr. Broussard on track and productive as a proper law abiding citizen. (See attachment 1-A)

WHEREFORE PREMISES CONSIDERED the defendant respectfully moves this Honorable court to grant him, home confinement, or in the alternative half-way house placement, or in the alternative a hearing to present this matter to this Court.

[signature]

Joshua Broussard

Due to the BOP website Mr. Broussard end date is 7/24/21 which is 11 months away and due to the CARES Act and S.3579 it says that if you have 12 months or less to serve you should be immediately be placed in community supervision when a "national emergency relating to a communicable disease" has been declared and Mr. Broussard fits under that guideline. Mr. Broussard is a low-risk inmate and a non-violent inmate and have a low-risk of cacthing the COVID-19 at home which none of his family members have and he has a stable home address. Mr. Broussard is scared of his saftey here at LaSalle jail in Beaumont Tx, fellow inmates and guards have COVID-19 it is no social distanct and they do not give cleaning supples. Mr. Broussad has a great support team his sister has a job ready for him with the city of Houston, Mr. Broussard has truly learned his lesson and is truly sorry for his actions durning the time he spent in jail these last 13 to 14 months he has been working on his self and changed his fixed mindframe to a growing positive mind frame and has gave his life to the Lord and is ready to be a man and good role model for his kids, please give Mr. Broussard this chance at Home Confinement he promise you want regret it and will never see his name on a court docket again thank you Judge.

Joshua Broussard

Joshua Broussard

Pro Se

# CARES Act and S. 3579

Congress has passed legislation in response to the COVID-19 pandemic that modifies one of the authorities described above—release to home confinement under 18 U.S.C. Section 3624(c)(2)—and at least one bill has been introduced that would appear to further facilitate the release of some federal prisoners in the context of a national emergency related to a communicable disease.

In a set of legislative proposals DOJ submitted to Congress to "address[] issues created by the COVID-19 pandemic," it recommended that Section 3624(c) be amended to give BOP "discretion to expand use of home confinement pas[t] [BOP's] current limitations of 10% of the term of imprisonment or 6 months."[84] The Coronavirus Aid, Relief, and Economic Security Act (the CARES Act, P.L. 116-136), appears to adopt this proposal by permitting the BOP Director to lengthen the maximum amount of time for which a prisoner may be placed on home confinement "as the Director determines appropriate" when the Attorney General "finds that emergency conditions will materially affect the functioning" of BOP.[85] The authority is limited, however, to "the covered emergency period," which is defined as the period spanning from the President's declaration of a national emergency with respect to COVID-19 to the date that is 30 days after the date on which the declaration terminates.[86]

Legislation introduced in the Senate on March 25, 2020, would appear to further supplement some of the authorities discussed above.[87] S. 3579 would require that certain federal prisoners in the custody of BOP or USMS—those who are pregnant, age 50 or older, have certain underlying medical conditions, or have 12 months or less to serve—immediately be placed in community supervision when a "national emergency relating to a communicable disease" has been declared and for 60 days after it has expired.[88] In making such placements, the directors of BOP and USMS would be obligated to "take into account and prioritize" placements enabling "adequate social distancing," with home confinement given as one example.[89] Individuals falling into qualifying categories would be excepted from placement in community supervision under the bill, however, if the Director of BOP or Director of USMS determines by clear and convincing evidence that they are "likely to pose a specific and substantial risk of causing bodily injury or using violent force against the person of another."[90]

It thus appears that S. 3579 would enhance current authorities that permit the release of federal prisoners in response to COVID-19. Specifically, under S. 3579 some federal criminal defendants in pretrial detention would be eligible for immediate release to community supervision (assuming they meet the health or other criteria) without the need to file individual petitions seeking the

[84] Dep't of Justice, Proposals for Addressing Issues Created by the COVID-19 Pandemic 20 (2020), *https://int.nyt.com/data/documenthelper/6835-combed-doj-coronavirus-legisla/06734bbf99a9e0b65249/optimized/full.pdf*.

[85] CARES Act, P.L. 116-136, § 12003(b)(2) (2020).

[86] *Id.* § 12003(a)(2).

[87] S. 3579, 116th Cong. (2020).

[88] *Id.* § 4. A "national emergency relating to a communicable disease" is defined as either an emergency determined by the President to exist under 42 U.S.C. § 5191(b) or declared by the President under 50 U.S.C. §§ 1601–1651 (the National Emergencies Act) with respect to a communicable disease. *Id.* § 3. It appears that such an emergency has already been declared under the National Emergencies Act with respect to COVID-19. *See* Proclamation No. 9994, 85 Fed. Reg. 15,337 (Mar. 18, 2020).

[89] S. 3579, 116th Cong. § 4 (2020).

[90] *Id.* The respective directors would be required to document any such determination and report to Congress within 180 days of the expiration of a national emergency. *Id.*

Joshua Broussard #287020

1001 Pearl st #701

Beaumont Tx, 77701

★ USA ★ FOREVER ★

CLERK, U.S. DISTRICT COURT
RECEIVED
JUL 17 2020
EASTERN DIST. OF TEXAS
BEAUMONT, TEXAS

Inmate Correspondence

Judge: Truncale / Giblin

United States District Court
Eastern District of Texas
300 willow st, suite 104
Beaumont, Texas 77701